## McLURE v. LANCASTER.

1. The object of exceptions in a case at law is to bring up some distinct. principle or question of law claimed to have been violated by the Circuit Judge, and to present it in a distinct and tangible form, so that it may be reviewed by this court.
2. As to any property acquired by a married woman by gift, grant, devise,. inheritance, or otherwise, there may be dealings between herself and her husband as if she were discovert.
3. A gift from wife to husband may be inferred from circumstances, such as the use and appropriation by him for a series of years, the wife having knowledge and not objecting; the presumption in such a case being stronger between husband and wife than between strangers. Thus, where a wife permitted her husband to manage her property, receive the profits and issues, and expend the surplus without question for ten years, the judge properly left to the jury the question of gift of these profits and issues.
. If there had been no such gift, the recovery of rents was limited, under the plea of the statute, to the six years next before action brought, measured by the condition of the property at the time the husband assumed the charge.

Before Cothran, J., Spartanburg, March, 1885.

The charge of the judge to the jury in this case was as follows:

There is no doubt, under the constitution of 1868 and the acts of the legislature passed in pursuance of it, that a husband and wife may deal with each other in business relations as any other

two persons. "The wife," says the constitution, "with reference to any property that she may acquire by gift, grant, devise, inheritance, or otherwise, shall be, with regard to that property, as if she were an unmarried woman." That admits of transactions between husband and wife in a business way, which did not obtain in this State before the adoption of the constitution. Before the constitution was adopted, the law regarded a man and his wife as one; but since 1868, the law has been changed or made different.

The plaintiff here is not entitled to recover for more than six years' rent of the place; for the statute of limitations has been pleaded, and that cuts off her right of recovery to everything beyond six years before the time of commencing her suit.

An important inquiry in the case, and the one which is more particularly for you, may be stated in the form of questions to you, which you must answer and not the court; because these questions of fact are only to be determined by the jury. Did McLure appropriate the proceeds of that place as he pleased, and was such appropriation made with the full knowledge, consent, and acquiescence of his wife, Mrs. McLure, during the ten years of the marriage? Was he the sole manager of the property, claiming and using the profits of the place as his own for the joint support of himself and wife, and spending the overplus as he pleased? Was the plaintiff, Mrs. McLure, cognizant of this? Did she know this? Did she permit it? Or did she at any time object to it? Can the claim which the plaintiff presents here be reconciled with her course in regard to the property for ten years, or during the marriage? If it can be done, it is for you to do it, and not for the court.

I charge you as matter of law, that under the terms of this deed, Mrs. McLure had the right, if dissatisfied with her husband's manner of using the property, at any time to take charge of it and lease the land to him or to any other person. She had that right. Well, now, did she do it? Or, did she acquiesce in his use and management of the property? Did she consent to his doing it? How were the proceeds of this place disposed of? Were they carried into a common fund, the corn put into a common crib, the fodder into a common fodder-house, and all used under the direction of the husband, and was that done with her

acquiescence or consent? If it was, and you find so from the evidence, then you cannot find a verdict for the plaintiff. Because the law says that where the marriage relation exists, and the parties cohabit and live together in the same family, that the use of the property which belongs to the wife—if she permits the husband to use and control it as his own—cannot be made a charge upon his estate, nor could property which he bought with the proceeds of those farms, having the sole control, direction, and use of it, be recovered as her property.

The general law is, that where one person buys property with the money of another person and takes a deed in his own name, the law says that that creates in the person taking the deed a resulting trust for the use of the person whose money paid for it. That, now, is in the ordinary dealings of life. But where husband and wife, living together, using the proceeds of her property as a common means of support, increased, it may be, by his care and attention and activity and diligence, if she does not object to that arrangement, he has the right to appropriate it as he pleases. If she consents to that arrangement, he has the right to appropriate it to his own uses, and if he buys property with it, or pays his own debts with it, or expends it in any way that he pleases, the law does not give her after his death the right to go upon that property and affix to it the character of a resulting trust. [Here the judge read to the jury parts of the cases of *Reeder & Davis* v. *Flinn*, 6 *S. C.*, 240, and *Charles* v. *Coker*, 2 *Id.*, 136.]

You must give effect to the acts of the plaintiff in this case according to what you as reasonable, sensible men judge to have been her manifest intent. What did she mean? Now, that is the question for you to determine. What did she mean by this course of conduct? Did she mean to turn that property over in the condition that it was when McLure married her? Did she mean to turn it over to him as her husband to manage and control and use and dispose of as he thought proper and best? Did she have that much confidence in the head of the family, in the husband whom she had taken, to entrust him with that sole control, direction, use, and management? If she did, then his estate cannot be held responsible for it. But that is for you to say.

The courts say: "The most favorable presumptions are indulged

when the husband is permitted by the wife to be concerned in the management of the income of her separate estate as it occasionally accrues"—that is, from year to year—"between strangers a more strict and severe rule would be required." That is, where the wife is allowed by law to hold a separate property and contract with regard to it and deal with her husband as she would with a stranger, the law itself imposes a stricter relation between strangers than it does between husband and wife, and a severer rule would apply. Now, it is for you to say, under the circumstances of this case, what, from the testimony as you heard it showing the relation between these parties, was her manifest intent in turning that property over to the control, direction, and management of her husband ?

Now, the law further says, that where this acquiescence continues for a number of years; where no claim is set up on the part of the wife to have her rights maintained as they exist in that relation; where a series of years is marked by that acquiescence, concurrence, and allowance of control to the management, direction, and use of the husband, it strengthens as it grows. Because she has the right, at any time during the existence of the relation and during the currency of years in which this state of things exists, to assert her claim to the property. The law does not debar her from doing it any more than it debars any other person who has the right. Because it is the boast of the law that wherever there is a right, the law will furnish a remedy, and where that state of acquiescence continues, the longer it continues, the stronger the presumption of acquiescence is.

Now, when was the first complaint made in this case on the part of the wife ? That is a question of fact for you. Was there any complaint made during the marriage ? Any assertion of right that was inconsistent with the continued use, direction, and management by the husband ? It is for you to say whether there was or not. When was the first matter of complaint made that she had been wronged by her husband's taking this property ? Was it made during the marriage ? If it was not made during the marriage, then the acquiescence is strengthened in the absence of anything to contradict it, and if it was made after the death of the husband, it was too late. The law does not allow any person

to make a gift and afterwards to revoke it. The law does not allow anyone to make a charge for a thing which is given, and the reason of it is this: perhaps if the person who accepts the gift knew that it was going to be charged for, he would decline to accept it. Maybe he did not want it very much. The article may have been worth all that the person giving it afterwards charged for it, but the person receiving it might have been able to have done without it, and might have preferred to do without it rather than accept it as a thing which had afterwards to be paid for.

In other words, that is the difference between gift and contract. One person may make a gift; two persons are required to make a contract. I may give you any article of personal property that I please, and you may accept it. I cannot afterwards say to you, for instance, "There is a pair of glasses that are worth $5 or $10. Won't you allow me to present them to you?" You thank me very kindly, and accept it. I cannot afterwards charge you for the glasses, because you might say, "Why, sir, I would have preferred a pair of steel glasses worth $1.50 or $2. I didn't want those. They are not suitable to my condition. I would rather have the steel, because they were cheaper." I could not recover from you the price of the glasses, although they might be worth all that I say they are worth.

A gift made cannot be afterwards converted into a charge. That is the meaning of the law, and it was illustrated to you by one of the counsel in the very familiar case of a man accepting the guardianship of an infant whom he is not bound to support. Now, if the guardianship is taken of your nephew, or your cousin, or some person not related to you, an infant, you are required by law to make annual returns of the disbursements and expenditures that are made by you on account of that ward. If you neglect to make a return of the board and clothing of that infant to the probate judge, when the child comes of age and demands a settlement, and you are called before the probate judge to have the account settled, you say, "Why, for ten years I furnished this child with board and clothing worth $100 a year. It amounts to $1,000." The courts say: "You cannot charge for that. If you had intended to make a charge for that, you ought to have had it re-

turned to the probate judge and the account vouched. The law says it was a gratuity. You gave it, and having given it, you cannot revoke it."

So that, as I understand it, is the law of this case. If you conclude in the plaintiff's favor here, then she is entitled to recover six years of whatever you conceive this rent to be worth. Therefore, if you find favorably for the plaintiff here, under the proof you will give her six years' rent of these premises, whatever in your judgment she ought to recover for the rents. And in making up that estimate, you ought to take into consideration the condition into which this dead man brought the land, and you ought to average the rents. If you should find favorably to her, his estate ought to have the benefit in some measure for the improved condition, if you believe it was improved, into which he brought the land; and, therefore, the fairest standard in that matter would be to average the rents and give her six years of whatever, in your judgment, the rents are worth.

But if you should find in favor of the defendants—if you believe from the proof in the case, and from the law as you have heard it, that there was acquiescence on her part and a free, full control given, then she cannot recover at all, and your verdict ought to be for the defendants.

The jury rendered a verdict for the defendants; and from the judgment entered up thereon, the plaintiff appealed upon exceptions (a motion for new trial having been made and refused), alleging errors, to the Circuit Judge, as follows:

I. In charging that the plaintiff, if entitled to recover at all, is not entitled to recover for more than six years' rent.

II. In charging that where husband and wife live together, using the proceeds of her property as a common means of support, if she does not object to that arrangement, he can appropriate it as he please and to his own use; there is no resulting trust, and after his death the wife cannot recover it from his estate.

III. In charging that where the marriage relation exists, and parties cohabit and live together in the same family, that the use of the property which belongs to the wife, if she permits the hus-

band to use it and control it as his own, cannot be made a charge upon his estate.

IV. In charging that if the relations between the parties (Mr. and Mrs. McLure), and their conduct towards each other was such as to justify the implication that there was an acquiescence on her part, then it is just the same as if the property had been given directly by gift and in the most formal manner.

V. In charging that if the wife entrusted the husband with the sole control, direction, use, and management of her property, his estate cannot be held responsible.

VI. In charging that even where the wife is allowed by law to hold a separate property, and contract with regard to it and deal with her husband as with a stranger, the law itself imposes a stricter relation between strangers than it does between husband and wife, and a severer rule would apply.

VII. In charging that where there exists a charge of acquiescence on the part of the wife in the control, management, direction, and use of her property by her husband, the longer it continues, the stronger the presumption of acquiescence.

VIII. In charging that if the plaintiff, during her married life, made no complaint that she had been wronged by her husband, her acquiescence is strengthened, in the absence of anything to contradict it, and, if made after the death of her husband, it is too late.

IX. In charging, in substance, that the case was the same as that between a guardian and ward; and if a guardian did not charge in his annual returns for maintenance of ward, the law regards such maintenance as a gratuity of the guardian.

X. In charging that if the jury believed there was an acquiescence on plaintiff's part, and a full and free control of the property given to the husband, the plaintiff cannot recover.

XI. In charging the jury that they should average the rents and allow the same only for the last six years of testator's life; and in doing so, should take into consideration the improvements and ameliorations made upon said land by the testator.

XII. In charging the jury, in substance, that where the husband manages his wife's business, the presumption is that the

income is given to the husband, and that the burden of proof is upon the wife to show otherwise.

XIII. In charging the jury, if they believe there was an acquiescence on her part, and a free, full control given, plaintiff cannot recover.

XIV. In refusing the motion for a new trial.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. Bobo & Carlisle, and Duncan & Sanders,* contra.

February 24, 1886.  The opinion of the court was delivered by

Mr. Chief Justice Simpson.  In 1871 the plaintiff intermarried with David A. McLure.  At her marriage she owned certain real and personal property, which she, shortly after said marriage, conveyed by separate deeds to her husband, conditioned that she should have the use and enjoyment of the rents and profits during her life, and in case of the death of her husband before her death, the property was to revert to her, &c.  The husband died in 1882, having managed the farm during the marriage.  After the death of the husband, the action below was brought by the plaintiff, the widow, against the executors of the deceased to recover the rents and profits of the land, accrued during the time the husband had been in possession.

The case was tried by the jury, who found for the defendants.  The appeal is founded upon alleged errors in the charge of the Circuit Judge, his honor, Judge Cothran.  The exceptions are numerous (fourteen in number);  the most of them, however, seem to be objections to certain remarks made by the Circuit Judge in the course of his general charge, detached from the context.  The object of exceptions in a case at law is to bring up some distinct principle or question of law claimed to have been violated by the Circuit Judge, and to present it in a distinct and tangible form, so that it may be reviewed by this court.  Several of the exceptions here fail to conform in a strict sense to this rule.  It will not be necessary, therefore, to take them up *seriatim,* especially as, when consolidated, they present but few legal points.  These

points involve the rights of married women under the constitution and statutes of the State, and of gifts made by them to their husbands, arising from presumption inferred from conduct, acquiescence, or otherwise. The Circuit Judge charged upon these points, illustrating his views by the incidental remarks which are the foundation of many of the exceptions. Our examination has been directed to the principles laid down in the charge thus illustrated.

As to the rights and powers of a married woman, the judge charged, that with reference to any property that she may acquire by gift, grant, devise, inheritance, or otherwise, a married woman, with regard to that property, was as if she were unmarried, and that this right admitted of business transactions between husband and wife, as if they were *non-covert.* There certainly can be no objection to this under our recent decisions. *Witsell* v. *Charleston,* 7 *S. C.,* 88; *Pelzer, Rodgers & Co.* v. *Campbell & Co.,* 15 *Id.,* 597. When the judge confined such transactions to the property of the wife, it cannot be said that he went too far. He then charged, in substance, that in reference to gifts from the wife to the husband, it was not necessary to show a direct and positive transaction of that nature, or an express gift, but that it might be inferred from circumstances, such as appropriation by the husband with the knowledge and consent of the wife, her acquiescence, a long acquiescence being stronger than a short one, the husband being the sole manager, claiming and using the property as his own, and spending the overplus as he pleased, with the cognizance of the wife, and without objection.

He further charged that owing to the relation between husband and wife, the law allowed the most favorable presumption, when the wife permitted the husband to receive and enjoy the income of her property, but that the rule where strangers were concerned was more strict and severe. He, in addition, distinctly stated to the jury that while the wife might permit her husband to make use of such income, and acquiesce therein, yet that she had the right, if dissatisfied, to object and take charge herself, and even lease it out to others. And, finally, after propounding certain questions to the jury explanatory of the principles laid down, so as to enable the jury to apply these principles to the

testimony, be repeatedly said to them, that it was for them, and them alone, to pass upon that testimony, and to find the facts as evidenced thereby.

Now, was there error in the ruling of the Circuit Judge, as to gifts presumed by the circumstances referred to ? In the case of *Reeder & Davis* v. *Flinn* (6 *S. C.*, 240), it was held : "Where a wife permits her husband to manage her separate estate for a number of years, and dispose of the income as he sees fit, equity treats it as a gift to him." Further : "A wife, by negligence, or acquiescence, may forfeit her right to equities against her husband, which otherwise she might have asserted." This is even stronger than the charge of the judge. The court in that case, after stating the rule, and saying that there was no difference between a case where the husband secured the income from a trustee, and where he was in the immediate management himself, said : "That the rule rested on the assumption of either an express gift of the income to the husband, or one implied from her acquiescence." Citing *Hill Trust.*, 425 ; *Powell* v. *Hankey*, 2 *P. Wms.*, 82 ; *Beresford* v. *Archbishop*, 13 *Sim.*, 643 ; *Thrupp* v. *Harman*, 3 *M. J. & K.*, 513 ; and *Charles* v. *Coker*, 2 *S. C.*, 136. And that this rule is stronger in matters between husband and wife than between strangers, as charged by the judge, see the remarks of Chancellor Kent in *Methodist E. Church* v. *Jaques*, 3 *Johns Ch.*, 79.

We think the charge of the judge, when taken as a whole on the questions referred to above, was in accordance with the law, and fully supported by the authorities cited *supra*, and we do not see that the various detached portions of the charge found in the several exceptions where they are presented, modified or in any way relaxed the rule, or general principle laid down for the government of the jury, or was calculated to mislead them.

Inasmuch as the jury found for the defendant, doubtless on the question of gift, it is hardly necessary to discuss the question of the six years to which the judge limited the jury, in case they found for the plaintiff, nor the averaging of the rents with the improvements considered. If there was a gift, these matters were immaterial, but even if they were before us properly, we think the charge was right.

There was no error in refusing the motion for a new trial.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.